UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDNA NORMENT RANSOM, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>MONDELEZ GLOBAL LLC,<br><br>      Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

  Plaintiff Edna Norment Ransom ("Plaintiff") brings this action on behalf of herself and all others similarly situated against Defendant Mondelez Global LLC ("Defendant"). Plaintiff makes the following allegations pursuant to the investigation of her counsel and based upon information and belief, except as to the allegations specifically pertaining to herself, which are based on her personal knowledge.

## NATURE OF THE ACTION

  1. This is a class action on behalf of purchasers of Defendant's Nabisco Whole Grain Premium Saltine Cracker products (the "Products"). Defendant's "Whole Grain" branding and labeling of the Products is deceptive and misleading because it conveys that the Products' main flour ingredient is whole grain when, in fact, the main flour ingredient is non-whole grain enriched wheat flour.

  2. Defendant's "Whole Grain" representation is featured on the Products' labeling to induce consumers to purchase items that are made predominantly from whole grain flour. Defendant markets its Products in a systematically misleading manner by misrepresenting that the Products are predominantly made with whole grain flour, even though that is not the case. As a result, Plaintiff and the putative class members were overcharged for the Products.

  3. Defendant has profited unjustly as a result of its deceptive conduct. Plaintiff

1

therefore asserts claims on behalf of herself and similarly situated purchasers for violation of New York General Business Law §§ 349 and 350.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(a) because this case is a class action where the aggregate claims of all members of the proposed class are in excess of $5,000,000.00 exclusive of interest and costs, there are over 100 members of the putative class, and at least one class member is a citizen of a state different than Defendant.

5. This Court has personal jurisdiction over Defendant because it conducts and transacts business within the District, and contracts to supply and supplies food products within the District by, among other things, marketing, advertising, and selling the Product and because a substantial portion of the events that gave rise to Plaintiff's claims occurred in New York.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial portion of the events that gave rise to Plaintiff's claims occurred in this District.

## PARTIES

7. Plaintiff Edna Norment Ransom is a citizen of New York who resides in Monticello, New York. Plaintiff Ransom purchased the Product from a Walmart store in Monticello, New York around March 2024. Plaintiff Ransom paid approximately $3.70 for her purchase of the Product. When purchasing the Product, Plaintiff Ransom relied on the "Whole Grain" representation on the front of the Product package. Based on this representation, Plaintiff believed that the main flour ingredient was whole wheat flour. However, the Product she purchased was made predominantly with non-whole grain, enriched wheat flour. Because of Defendant's misrepresentation, Plaintiff was overcharged for her purchase. Had Plaintiff

Ransom known the "Whole Wheat" representation was false and misleading, she would not have purchased the Product.

8.      Defendant Mondelez Global LLC is a corporation organized under the laws of Delaware with its principal place of business located at 905 West Fulton Market, Chicago, IL 60607.  Defendant formulates, advertises, manufactures, and/or sells the Products throughout New York and the United States.

## GENERAL ALLEGATIONS

9.      **Defendant misrepresents that the Products are made predominantly from "Whole Grain" flour.**  Defendant advertises, in large bolded text on multiple surfaces of the Product packaging (including the front of the package), that the Products are made with "Whole Grain."  The labeling leads reasonable consumers to believe that the predominant flour used is whole wheat.  However, the Products are made predominantly from non-whole grain, enriched flour.  Examples of the Products' labeling, along with their ingredient list, are depicted below:

10.     The last two decades have witnessed historic increases in Americans' consumption of foods containing whole grains.  This is due to the scientific and nutritional consensus that whole grains provide valuable health benefits not available from non-whole grains.  The United States Department of Agriculture ("USDA") recognized this in its 2015-2020 Dietary Guidelines for Americans, which recommends that at least half of all grains eaten each day be whole grains.[1]

11.     The valuable and material health benefits of eating whole grains are widely publicized to consumers.  In New York State, for example, the New York Times featured an

---

[1] U.S.D.A., Dietary Guidelines for Americans 2015-2020, 48-49 (8th ed. 2015), https://health.gov/sites/default/files/2019-09/2015-2020_Dietary_Guidelines.pdf.

article titled "What are Whole Grains, Anyway?"[2] The article quoted a registered dietitian nutritionist who stated that whole grains "tend to be really nutrient- and fiber-rich" which helps "regulat[e] cholesterol and blood sugar levels and improv[es] digestion."[3] Additionally, whole grains can be "a fantastic source of B vitamins" and "essential amino acids like methionine and phenylalanine."[4]

12. Whole grain flour is derived from the entire milled grain seed consisting of the bran, endosperm, and germ. Baked products made with whole grain flour are healthier than refined non-whole grain flour because they contain key nutrients and vitamins. Refined non-whole grain flour is processed to remove the bran and germ, thus removing dietary fiber and other nutrients, leaving only the starchy endosperm. Flour "enrichment" adds back some the previously removed nutrients but does not add back fiber content—a key nutrient found in whole grain flour—and other nutrients.

13. "Unbleached enriched flour" is not "whole grain flour" under Food and Drug Administration ("FDA") regulations. *Compare* 21 C.F.R. § 137.165 with 21 C.F.R. § 137.200 (defining enriched flour and whole wheat flour). Therefore, "Unbleached Enriched Flour," which is listed first on the Products' ingredients list, is not "Whole Grain Wheat Flour." And "Unbleached Enriched Flour" is the predominant flour ingredient since it is listed first. *See Mantikas v. Kellogg Co.*, 910 F.3d 633, 635 (2d Cir. 2018) ("As required by federal regulation, the ingredients were listed in order of their predominance, with the primary ingredient listed first.") (citing 21 C.F.R § 101.4).

---

[2] Hanna Seo, *What Are Whole Grains, Anyway?*, N.Y. Times, (Dec. 3, 2022) (updated Mar. 9, 2023), https://www.nytimes.com/2022/12/03/well/eat/whole-grains.html.
[3] *Id.* (internal quotations omitted).
[4] Id. (internal quotations omitted).

14. The FDA and the Federal Trade Commission ("FTC") staff have recognized that "there is potential for consumers to be misled or confused by unqualified 'whole grain' claims for products that contain a mixture of whole grain and refined grain. Many consumers may interpret such unqualified claims to mean that all or nearly all of the grain in the product is whole grain."[5]

15. This is corroborated by a recent peer-reviewed study which found that 47% of a representative sample incorrectly concluded that mock-up breads with less whole wheat—but labeled with a whole grain "content claim" on the front of the package—were equal or superior to an unlabeled mock-up bread which listed whole wheat as its first ingredient.[6]

16. Defendant's label falsely implies that "Whole Grain" flour is the primary flour ingredient in the Products. However, the amount of whole grain flour in the Products, compared to the refined grain flour, is de minimis or negligible.

17. Defendant's misleading and deceptive whole grain Product claim proximately caused harm to Plaintiff and the proposed class members who suffered an injury in fact and lost money or property by being overcharged for the Products as a result of Defendant's deceptive Product claim.

---

[5] Comments of the Staff of the Bureau of Consumer Protection, the Bureau of Economics, and the Office of Policy Planning of the Federal Trade Commission, Docket No. 2006-0066, at 3 (April 18, 2006), https://www.ftc.gov/sites/default/files/documents/advocacy_documents/ftc-staff-comment-food-and-drug-administration-matter-draft-guidance-industry-and-fda-staff-whole/v060014ftcstaffcommentstothefdaredocketno2006-0066.pdf

[6] Parke Wilde et al., *Consumer Confusion About Wholegrain Content and Healthfulness In Product Labels: A Discrete Choice Experiment and Comprehension Assessment*, 23 Public Health Nutrition 3324, 3327 (2020), https://www.cambridge.org/core/journals/public-health-nutrition/article/consumer-confusion-about-wholegrain-content-and-healthfulness-in-product-labels-a-discrete-choice-experiment-and-comprehension-assessment/09632F10BA8F314FBCAFA49276315A60.

## **CLASS ACTION ALLEGATIONS**

18. Plaintiff seeks to represent a class defined as all persons who, during the applicable statute of limitations period, purchased Defendant's Products in the state of New York (the "Class").

19. Members of the Class are so numerous that their individual joinder herein is impracticable. On information and belief, members of the Class number in the hundreds of thousands. The precise number of Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery. Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant and third-party retailers and vendors.

20. Common questions of law and fact exist as to all Class members and predominate over questions affecting individual Class members. Common legal and factual questions include, but are not limited to, the true nature and presence of whole grain flour in the Products; whether the marketing, advertising, packaging, labeling, and other promotional materials for the Products are deceptive; whether Plaintiff and the members of the Class have suffered damages as a result of Defendant's actions and the amount thereof; and whether Plaintiff and the members of the Class are entitled to attorneys' fees and costs.

21. The claims of the named Plaintiff are typical of the claims of the Class in that the named Plaintiff was exposed to Defendant's false and misleading marketing, purchased Defendant's Products, and suffered a loss as a result of those purchases.

22. Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the Class members she seeks to represent, she has retained competent counsel experienced in prosecuting class actions, and she intends to prosecute this

action vigorously. The interests of Class members will be fairly and adequately protected by Plaintiff and her counsel.

23. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class members. Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## **CLAIMS FOR RELIEF**

### **CLAIM I**
**Violation of the New York General Business Law ("GBL") § 349**
**(On behalf of the Plaintiff and the Class)**

24. Plaintiff incorporates by reference and re-alleges herein all paragraphs alleged above.

25. Plaintiff brings this cause of action on behalf of herself and members of the Class against Defendant.

26. Plaintiff and Class members are "persons" within the meaning of the GBL § 349(h).

27. Defendant is a "person, firm, corporation or association or agent or employee

thereof" within the meaning of GBL § 349(b).

28. Under GBL § 349, "[d]eceptive acts or practices in the conduct of any business, trade or commerce are unlawful."

29. Defendant made deceptive and misleading statements by marketing the Products as being made predominantly with whole grain flour when in fact they are made predominantly with non-whole grain, enriched flour.

30. In doing so, Defendant engaged in deceptive acts or practices in violation of GBL § 349.

31. Defendant's deceptive acts or practices were materially misleading. Defendant's conduct was likely to and did deceive reasonable consumers, including Plaintiff, about the nature, characteristics and quality of its Products, as alleged herein.

32. Plaintiff and Class members were unaware of, and lacked a reasonable means of, discovering the material facts about the actual composition of the Products.

33. Defendant's actions set forth above occurred in the conduct of trade or commerce.

34. The foregoing deceptive acts and practices were directed at consumers.

35. Defendant's misleading Product claim is consumer-facing and concerns widely purchased consumer products. Defendant's conduct includes unfair and misleading acts or practices that have the capacity to deceive consumers and are harmful to the public at large. Defendant's conduct is misleading in a material way because it fundamentally misrepresents the composition and quality of the Products.

36. Plaintiff and Class members suffered ascertainable loss as a direct and proximate result of Defendant's GBL violations in that (a) they would not have purchased the Products had they known the truth about their composition, and (b) they overpaid for the Products on account

of the "Whole Grain" misrepresentation, as alleged herein.

37. On behalf of herself and other members of the Class, Plaintiff seeks to enjoin Defendant's unlawful acts and practices described herein, to recover her actual damages or $50, whichever is greater, reasonable attorney's fees and costs, and any other just and proper relief available under GBL § 349.

## CLAIM II
### Violation of the New York General Business Law § 350
### (On behalf of the Plaintiff and the Class)

38. Plaintiff incorporates by reference and re-alleges herein all paragraphs alleged above.

39. Plaintiff brings this claim individually and on behalf of the members of the Class against Defendant.

40. GBL § 350 provides that "[f]alse advertising in the conduct of any business, trade or commerce or in the furnishing of any service in this state is hereby declared unlawful."

41. Defendant's labeling and advertisement of the Products was false and misleading in a material way. Specifically, Defendant advertised the Products as being made predominantly with whole grain flour when in fact they are made predominantly with non-whole grain, enriched flour.

42. Plaintiff and the putative class members reasonably understand Defendant's misrepresentations to mean that the Products are made predominantly with whole grain flour.

43. This misrepresentation was consumer-oriented and was likely to mislead a reasonable consumer acting reasonably under the circumstances.

44. This misrepresentation has resulted in consumer injury or harm to the public

interest.

45.  As a result of this misrepresentation, Plaintiff and the Class members have suffered economic injury because (a) they would not have purchased the Product had they known the truth about their composition, and (b) they overpaid for the Products on account of the "Whole Grain" misrepresentation, as described herein.

46.  By reason of the foregoing and as a result of Defendant's conduct, Plaintiff and the Class members seek to enjoin the unlawful acts and practices described herein, to recover their actual damages or five hundred dollars, whichever is greater, three times actual damages, reasonable attorneys' fees and costs, and any other just and proper relief available under GBL § 350.

## **PRAYER FOR RELIEF**

WHEREFORE Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

(a)  For an order certifying the Class and the Class under Rule 23 of the Federal Rules of Civil Procedure, naming Plaintiff as representative of the Class, and naming Plaintiff's attorneys as Class Counsel to represent the Class;

(b)  For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

(c)  For compensatory and statutory damages in amounts to be determined by the Court and/or jury;

(d)  For prejudgment interest on all amounts awarded;

(e)  For an order of restitution and all other forms of equitable monetary relief;

(f)  For an order enjoining Defendant from continuing the illegal practices detailed herein and compelling Defendant to undertake a corrective advertising campaign; and

(g)  For an order awarding reasonable attorneys' fees and expenses and costs of suit.

## DEMAND FOR TRIAL BY JURY

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable as of right.

Dated: August 16, 2024

Respectfully submitted,

**BURSOR & FISHER, P.A.**

By: */s/ Joseph I. Marchese*
 Joseph I. Marchese

Joseph I. Marchese
Israel Rosenberg
1330 Avenue of the Americas, 32nd Floor
New York, New York 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
E-Mail:  jmarchese@bursor.com
 irosenberg@bursor.com